IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

K-BEECH, INC.,

        Plaintiff,

        v.                      Civil Action No. 3:11CV469-JAG

JOHN DOES 1-85,

        Defendants.

MOTION TO SEVER

Comes now defendant Doe # 7 and moves this Court to sever the claim against Doe #7 from this proceeding.

FACTS

Plaintiff's complaint, filed July 21, 2011 alleges that Doe defendants 1 – 85 are jointly and severally liable for copyright infringement because they used BitTorrent software to illegally download or distribute the same adult film, "Gangbang Virgins." Plaintiff contends in paragraph 32 that "each Defendant peer member participated in the same swarm and directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions," and

at paragraph 39 (B) plaintiff asserts that "each Defendant was part of the same series of transactions." Exhibit A to the complaint indicates the alleged 85 infringements occurred at 85 different times over the course of 87 days from April 12, 2011 (Doe # 71) through July 7, 2011 (Doe #80).

Digital technology has clearly been a blessing and a curse for content creators in general and the entertainment industry in particular. Copyright infringement poses a challenging threat, but it does not justify hijacking the legal system to shake-down the guilty and innocent alike. The attorney representing this plaintiff filed five (5) of these suits in the Eastern District of Virginia between July 22 and August 22, 2011, against 205 John Doe defendants claiming infringement of various adult movies. Most people would not want their name publicly associated with these titles. In at least one of these suits the initial settlement demand is $3,500. The defendants can buy anonymity by settling, or risk public humiliation by defending the claim.

PLAINTIFF FAILED TO ALLEGE SUFFICIENT COMMONALITY FOR JOINDER

Most computers used at home must connect to a router in order to connect to the internet. Routers have a limted range but they often exceed the metes and bounds of a homeowner's or an apartment dweller's physical residence. The IP addresses identified by plaintiff identify routers they do not identify any machine or person behind the router who actually participated in the BitTorrent swarm. Each of the people associated with the listed IP addresses will have a different set of facts that need to be examined. Some may be infringers, and some may be guilty of having an unsecured router. A widely circulated news article earlier this year reported a law enforcement raid of suspected child pornographers who were identified only by their router's IP

address. (Exhibit A).  Authorities later determined the couple was innocent and a neighbor who accessed their unsecured router was the guilty party.

A growing number of courts confronted with these lawsuits are refusing to participate in the shake-down and have been quashing the subpoenas, severing the defendants, and in some cases dismissing the cases without prejudice.

In *LFP Internet Group LLC v. John Does 1-2,619*, Case 3:10-cv-02139-F, (N. D. TX February 10, 2011) (Exhibit B) the court severed all defendants except Doe # 1 from the action because the plaintiff did not allege the defendants acted in concert or as a group – only that they used the same technology to infringe plaintiff's copyright.  Quoting *West Coast Prods., Inc. v, Does 1-535*, No. 3:10-cv-94 (N.D. W. Va. Dec 16, 2010)(citations omitted)  the court found that "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder."

In *I0 Group, Inc. v. Does 1-435* Case No. 3:2010cv04382 (N. D. Cal.  January 10, 2011) (Exhibit C) the court held "the allegations that defendants simply used the same peer-to-peer network to download plaintiff's works – on many different days at many different times – is insufficient to allow plaintiff to litigate against hundreds of different Doe defendants in one action.

In *Diabolic Video Productions, Inc. v. Does 1-2099,* Case No. 10-CV-5865 (N.D. Cal. May 31, 2011) (Exhibit D) the court held "This court and others, however, have repeatedly held that the mere allegation that defendants have used the same peer-to-peer network to infringe a copyrighted work is insufficient to meet the standards for joinder set forth in Rule 20." (footnote omitted).  In that case plaintiff alleged 2,099 defendants infringed the work over 49 different days.

In *Boy Racer, Inc. v. Does 1-60,* at page 6, Case No. C 11-01738 (N.D. Cal. August 18, 2011) (Exhibit E) the court held "The nature of the BitTorrent protocol does not justify joinder of these otherwise unrelated Doe defendants. The BitTorrent protocol is of the same peer-to-peer architecture [as] other peer-to-peer protocols where this Court and other courts have found joinder improper.  Allegations that defendants used a single peer-to-peer network to download plaintiff's works – on different days, at different times, and through different ISPs – are insufficient to allow plaintiff to litigate against sixty different defendants in one action."

In *Hard Drive Productions v. Does 1-188* Case No. C-11-01566 (N.D. Cal (August 23, 2011) (Exhibit F) the court found that "under the BitTorrent protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading by any of the Does 1-188. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were a part of the downloading by unknown hundreds or thousands of individuals across the country or across the world." *Id.* at 18.  The court then exercised its discretion and severed all but a single defendant. It found that allowing the defendants to be joined would undermine judicial economy, lead to multiple mini-trials, require each of the defendants to serve the others with all pleadings and each would have the right to be at each other's depositions. *Id*. at 19. The court noted that plaintiff's allegation that "all Doe Defendants meet Rule 20(a) joinder requirements is speculative and conclusory."

In the case at bar plaintiff alleges in paragraph 32 that each of 85 defendants "participated in the same swarm and directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, uploading and

downloading, and by other types of transmissions," yet Exhibit A to the complaint claims the alleged illegal activity occurred on 54 different days. The most occurrences on any one day are six (6) on May 21, 2011 (none of which are at the same time), followed by four (4) on May 23, 2011 (none of which are at the same time). The events range from April 12, 2011 through July 7, 2011 – a period of 87 days. If these defendants' computers were "shaking hands" wouldn't they do this at the same time? None of the 85 allegations occur at the same time. The facts presented in Exhibit A contradict Plaintiff's conclusory allegations that the defendants "participated in the same swarm and directly interacted and communicated with other members of that swarm."

In addition plaintiff's technology has only identified a router's IP address. This gives no information about how many machines accessed the internet through that router. The possibilities are almost endless. As in the case of the Buffalo couple, neighbors can gain access through unsecured routers, one household could operate multiple computers owned by different people, different people within a household including children can access the internet through one or more computers, smart phones, tablets, and other devices. Doe #7 in the case at bar operates a computer repair business from home. Doe # 7 connects clients' computers to the internet through the home router. In fact Doe # 7 previously provided computer repair services to plaintiff's attorney, who nonetheless refused to voluntarily dismiss John Doe #7.

Doe #7 respectfully requests severance from this proceeding.

RESPECTFULLY SUBMITTED this 26th day of September, 2011.

    Respectfully submitted:

    By: _____/s/_____
    Ian D. Titley, VSB No. 27531
    Gavin Law Offices, PLC
    2500 Gaskins Road, Suite B
    Richmond, Virginia 23238
    Telephone: 804-364-0405
    Facsimile: 804-784-4423
    idt@gavinlawoffices.com
    *Counsel for John Doe #7*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 26th day of September, 2011, that I will email and mail the documents by First Class U.S. mail to the following party:

D. Wayne O'Bryan
1804 Staples Mill Road
Richmond, VA 23220
wayne@wayneobryanlaw.com
Attorney for Plaintiff

                                      /s/_____
                                      Ian D. Titley, Esq.
                                      VSB # 27531
                                      Counsel for Plaintiff AWC
                                      Gavin Law Offices, PLC
                                      2500 Gaskins Road, Suite B
                                      Richmond, VA 23238
                                      idt@gavinlawoffices.com