IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

K-BEECH, INC.,

                Plaintiff,

v.                                        Civil Action No. 3:11cv469-JAG

JOHN DOES 1-85,

                Defendants.

**AMENDED MEMORANDUM ORDER**

This case concerns the alleged uploading and downloading of the pornographic film "Gangbang Virgins" (the "Work") using a peer-to-peer file sharing client known as BitTorrent. The plaintiff filed a complaint (the "Complaint") for copyright infringement on July 21, 2011, claiming that 85 John Doe defendants violated the United States Copyright Act, 17 U.S.C. §§ 101-1332, in securing and sharing a copy of the Work over the internet.[1] To establish personal jurisdiction in this district, the plaintiff used geolocation technology and traced the Internet Protocol ("IP") addresses of each defendant to acquire the general location and time of the alleged infringement. (Complaint ¶ 4.)

On July 26, 2011, the Court granted the plaintiff's request for leave to take discovery prior to the Rule 26(f) conference, authorizing it to serve Rule 45 subpoenas on the internet service providers ("ISPs") named in Exhibit A of the Complaint. Upon due consideration,

---

[1] Plaintiff's counsel filed virtually identical complaints in three cases before this Court, including the instant case: Civil Case Nos. 3:11cv469, 3:11cv531, and 3:11cv532. Various Doe defendants have filed motions to sever, quash, or dismiss in all three cases. None of the motions are ripe at this time; however, they present similar, if not identical, issues. In the interest of justice, the Court, *sua sponte*, determined that this Memorandum Order was necessary to conform to the Federal Rules of Civil Procedure.

however, the Court finds that Doe defendants 2-85 have been improperly joined in violation of Federal Rule of Civil Procedure 20(a)(2). For the reasons stated herein, the Court finds that all defendants except Doe 1 should be SEVERED from this case.

## Discussion

The BitTorrent software at issue allows a person to visit a private website and download a file containing the desired digital media onto a program already installed on the user's computer. Once the file is loaded, the BitTorrent program connects to hundreds or thousands of different users that possess and share copies of the particular media contained in the file, and it coordinates the copying of the media using the digital copies of those other users. As the original user (or "peer") downloads his or her copy, it is immediately made available to other users looking to obtain the file. In this way, the collection of users who simultaneously "share" a particular file is known as a "swarm." The plaintiff, in essence, relies on this "swarm" theory to claim that the defendants acted in concert through a series of transactions to commit the infringement. (*See* Compl. ¶ 10.) The Court, however, disagrees with this conception of proper joinder under the Federal Rules of Civil Procedure.

Under Rule 20(a)(2), permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) is designed to promote judicial economy and trial convenience. *See Mosley v. Gen. Motors*, 497 F.2d 1330, 1332-33 (8th Cir. 1974). Furthermore, Rule 21 provides: "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at

any time, on just terms, add or drop a party. *The court may also sever any claim against a party.*" Fed. R. Civ. P. 21 (emphasis added).

In short, the plaintiff has failed to demonstrate any right to relief against the defendants arising out of the same transaction, occurrence, or series of transactions or occurrences. "Merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *Laface Records, LLC v. Does 1-38*, No. 5:07-CV-298, 2008 U.S. Dist. LEXIS 14544, at *7 (E.D.N.C. Feb. 27, 2008). The Court agrees with Judge Spero's analysis in a recent decision from the United States District Court for the Northern District of California:

> Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the Does 1-188. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe *or to any of the potentially thousands who participated in a given swarm*. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world . . . Indeed, Plaintiff concedes that while the Doe Defendants may have participated in the same swarm, they may not have been physically present in the swarm on the exact same day and time.

*Hard Drive Productions, Inc. v. Does 1-188*, No. C-11-01566, 2011 U.S. Dist. LEXIS 94319, at *39-40 (N.D. Cal. August 23, 2011) (internal quotation marks omitted).

The mere allegation that the defendants have used the same peer-to-peer network to copy and reproduce the Work—which occurred on different days and times over a span of three months—is insufficient to meet the standards of joinder set forth in Rule 20. *See Diabolic Video Productions, Inc. v. Does 1-2099*, No. 10-CV-5865, 2011 U.S. Dist. LEXIS 58351, at *10-11 (N.D. Cal. May 31, 2011); *see also Millennium TGA, Inc. v. Does 1-21*, No. 11-2258, 2011 U.S. Dist. LEXIS 53465, at *6-7 (N.D. Cal. May 12, 2011). Accordingly, the Court concludes that joinder of the Doe defendants in this action does not satisfy Rule 20(a). In the interest of

fairness, the Court finds it appropriate to exercise its discretion under Rule 21 to sever all of the defendants but one.

The Court also finds that the plaintiff should be required to show cause why certain conduct does not violate Rule 11 of the Federal Rules of Civil Procedure. The Court currently has three similar cases before it, all brought by the same attorney.[2] The suits are virtually identical in their terms, but filed on behalf of different film production companies. In all three, the plaintiffs sought, and the Court granted, expedited discovery allowing the plaintiffs to subpoena information from ISPs to identify the Doe defendants. According to some of the defendants, the plaintiffs then contacted the John Does, alerting them to this lawsuit and their potential liability. Some defendants have indicated that the plaintiff has contacted them directly with harassing telephone calls, demanding $2,900 in compensation to end the litigation. When any of the defendants have filed a motion to dismiss or sever themselves from the litigation, however, the plaintiffs have immediately voluntarily dismissed them as parties to prevent the defendants from bringing their motions before the Court for resolution.

This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does. Whenever the suggestion of a ruling on the merits of the claims appears on the horizon, the plaintiffs drop the John Doe threatening to litigate the matter in order to avoid the actual cost of litigation and an actual decision on the merits.

---

[2] *See supra* note 1. The Court will enter a similar show cause order in each case.

4

The plaintiffs' conduct in these cases indicates an improper purpose for the suits. In addition, the joinder of unrelated defendants does not seem to be warranted by existing law or a non-frivolous extension of existing law.

Pursuant to Rule 11(c)(3), the Court, therefore, will direct the plaintiff and its counsel to show cause why the conduct specifically described in this Memorandum Order has not violated Rule 11(b). *See* Fed. R. Civ. P. 11(c)(3); Fed. R. Civ. P. 11(b).

### Conclusion

For the forgoing reasons, the Court ORDERS that:

1. All the defendants except Doe 1 are hereby SEVERED from this action, and no discovery shall occur until the parties have conducted a discovery conference pursuant to Federal Rule of Civil Procedure 26(f);

2. The subpoenas served on the ISPs listed in Exhibit A of the plaintiff's Complaint (Dk. No. 1) are hereby QUASHED as to all the defendants, Does 1-85;

3. The plaintiff SHALL IMMEDIATELY NOTIFY the recipients of these subpoenas that said subpoenas have been quashed and that the defendants, except Doe 1, have been severed and are not litigants in this case;

4. The plaintiff is directed to serve notices on all Doe defendants for whom it has received identifying information. The notices shall inform each John Doe that his or her case has been severed and the subpoenas to obtain his or her personal information have been quashed. The plaintiff shall file, under seal, copies of all such notices with the Court and send copies of the Court's amended October 5, 2011, Order to all Doe defendants for which it has received identifying information;

5. Within thirty (30) days from the entry of this Memorandum Order, the plaintiff may file individual complaints against those Doe defendants whom it wishes to proceed. Upon election to proceed, the plaintiff shall submit to the Clerk of the Court filing fees for each of the complaints against those defendants whom the plaintiff wishes to proceed. Such cases will be assigned separate civil action numbers and placed on the Court's docket;

6. Civil action No. 3:11cv469 shall be assigned to Doe 1 as an individual defendant. The actions filed within 30 days of this Memorandum Order against any other Doe defendants severed from this case will be deemed to have been filed as of July 21, 2011, the date of the filing of the original Complaint;

7. Any filings that can be construed as motions in Civil Action No. 3:11cv469 are hereby DENIED AS MOOT;

8. The plaintiff is directed, henceforth, not to file any notices of dismissal pursuant to Federal Rule of Civil Procedure 41 relating to any parties in this action;

9. The plaintiff and its counsel are directed to show cause within ten (10) days why the conduct specifically described in this Memorandum Order does not violate Rule 11(b). If the plaintiff or its counsel desires a hearing on the issue of sanctions, they should contact the Court's chambers to arrange a time and date.

It is SO ORDERED.

Let the Clerk send a copy of this Memorandum Order to all counsel of record and mail a certified copy to each interested party of record.

Date: October 13, 2011
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge