IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

OCT 24 2011
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**K-BEECH, INC.,**

    **Plaintiff,**

v.

**DOES 1-85,**

    **Defendants.**

_____/

CASE No. 3:11-cv-00469-JAG

## DECLARATION TO REFUTE PLAINTIFF'S DECLARATION IN SUPPORT OF MOTION FOR RECONSIDERATION AND RESPONSE TO SHOW CAUSE ORDER

I, an anonymous John Doe, do hereby declare:

1. I'm over 18 years of age and competent to make this declaration.

2. I have personal knowledge of the facts in this declarations and the declaration Plaintiff filed on 10 Oct 2011, in support of the motion for reconsideration and response to show cause order (Document #10), as well as the declaration Plaintiff is using from *case # 3:11-cv-00531-JAG, Patrick Collins Inc., v. John Does 1-58*, to support his position.

3. I'm responding to it anonymously, as I'm one of the 200,000+ John Doe Defendants in the multitude of copyright infringement cases filed throughout the U.S. If I were to file this declaration under my true name, I feel I would be singled out for vindictive prosecution from my Plaintiff and the network of copyright infringement lawyers that file these types of cases. The case I was under has been dismissed, but like many other Doe Defendants, I'm waiting for the Statute of limitations to expire. To prevent identification,

I will be mailing this declaration to the court and Plaintiff from a State other than my own.

4. Plaintiff for this case will likely claim I have no standing to make this declaration, as I'm not one of the John Doe Defendants in this case. I believe I do have standing and valuable information concerning the points Plaintiff raises. The reason I have standing to respond to the declaration is Plaintiff indirectly mentions my "internet interest group" in paragraph 8 of their declaration (*original case # 3:11-cv-00531-JAG, Patrick Collins, Inc., v. John Does 1-58*):

> *"A simple internet search reveals that there are numerous BitTorent Defense Kits available which promote these types of motions and that there are innumerable free internet interest groups also promoting these types of motions."*

Your honor can visit it at http://dietrolldie.wordpress.com/. The name reflects the view of many people who question the methods copyright infringement lawyers and their customers are plying their trade. In my Blog, I post news and views concerning copyright infringement lawyers (AKA: Copyright Trolls) and John/Jane Does. In this Blog I provide some "Motion" examples/templates, as well help concerning the process of filing motions "Pro See."

As I provide these motions examples/templates that Plaintiff complains about in their declaration, the information I'm providing is relevant and informative to the court. I also have direct information concerning my experience with copyright infringement lawyers in general. I thank the court for indulging this John Doe.

5. Response to paragraph 5 of Plaintiff's supporting declaration. Plaintiff admits he was dismissing Doe Defendants to try and stop any future Doe Defendants from filing similar motions in this District and across the U.S. This was essentially a "Scare" tactic by Plaintiff, trying to influence others not to exercise one of their legal rights. I continue to see such fear from various Doe Defendants when they ask me on various Blogs and via email, "Will they go after me if I file a motion?" This well justified fear is why I and others has put together our Blogs. One of our goals is to give any Doe Defendant the information and tools to help defend themselves.

One thing strikes me as inconsistent with Plaintiff's action to bring single cases against these Doe Defendants. In Plaintiff's initial complaint, they claim all the Doe Defendants are properly joined (jointly and severally liable). Now only because these Doe Defendants use a valid legal method to challenge Plaintiff's case, they are not jointly and severally liable?

6. Response to paragraph 6 of Plaintiff's supporting declaration. Plaintiff claims that they truly believe these motions filed by the Doe Defendants are filed in "Bad Faith." Plaintiff claims this because it will raise the cost of the individual suit (vs. the mass one) and the eventual settlement amount will increase. This statement by Plaintiff goes to the core of why many of the Doe Defendants are fighting the copyright infringement lawyers. Plaintiff has the view that because they filed against the Doe Defendants, they are all guilty. Their view is there are no innocent parties in any of their cases. I have not heard any Doe Defendants filing these motions that I believe are in bad faith. They are filing these motions to defend themselves. Concerning my case, I filed a motion with the court because I saw the methods used by the copyright infringement lawyers first-hand and was

sickened by the veiled threats and extortive feel of it. I will gladly admit to not wanting to go to trial. This is because the cost of doing so will be financially and emotionally draining (for me and my family), even with the knowledge that I'm innocent. If I ever go to trial, I confident I can show the court that I didn't download/share a copyright protected movie and I have proof of unknown persons using my network connection without my authorization. Plaintiff and other copyright infringement lawyers know this and make their settlement amounts to be less than if a person hires a lawyer to defend them. Plaintiffs across the U.S. do this expressly to prevent many people from trying to defend themselves, even when they are not at fault. What I will not abide is paying a copyright infringement lawyer thousands of dollars just to make the "threat" of a Federal case go away.

7. Response to paragraph 8 of Plaintiff's supporting declaration. Plaintiff claims there are "innumerable" free Internet interest groups that provide BitTorrent Defense Kits. I ask the court to search the Internet for such support groups and you will find the numbers are easily counted and not as widespread as Plaintiff claims. If these support groups and BitTorrent Defense Kits were so numerous, the court would have been seriously flooded with motions, many of them better written than the current ones the "Pro See" defendants are using. The motions examples/templates I provide on my Blog (https://dietrolldie.wordpress.com/motions/) are a starting point only for Doe Defendant who wish to defend themselves and cannot afford an attorney. I know the value of a good attorney; it is just many Doe Defendants and I cannot afford them.

8. Response to paragraph 9 of Plaintiff's supporting declaration. Plaintiff is wrong in its claim that our efforts to defend ourselves will not work because *"the problem for*

*copyright owners is too substantial.*" The size of Plaintiff's problem does not preclude the right to defend oneself. Each Doe Defendant has the right to defend themselves and filing motions is part of that right. Plaintiff correctly states the problem lies with the copyright owner. I do not dispute that copyright infringement occurs and that Plaintiff suffers loses because of it. Plaintiff makes the mistake of blaming all the Doe Defendants for these problems because they have an IP address from an "Expert." The IP addresses of alleged wrongdoers purchased a firm (Expert) with a vested financial interest in collecting and selling such information does not equal culpability. It is only a starting point for their problem solving efforts, not the end state because it costs them too much money to conduct a thorough investigation. The statement that defending against these motions is expensive has no bearing to the rights of the Doe Defendant in filing such motions.

9. Response to paragraph 10 of Plaintiff's supporting declaration. Plaintiff claims they have received "*hundreds and hundreds*" of "*cut and paste*" motions in similar litigations across the country. For the court to properly determine if the Doe Defendant motions are excessive in their volume, Plaintiff needs to inform the court the total number of Doe Defendants that they have sued in the U.S. If Plaintiff provides these numbers, I expect the court will see thousands of Doe Defendants being sued by Plaintiff. The court will likely find the number of Doe Defendants who file motions in these types of cases to be a small number when taken in totality. Plaintiff's claim of excessive cut and paste motions is moot, as they were the ones who listed each John Doe on their complaint. As previously stated, it is the right of all Doe Defendants to defend themselves and file motions. If Plaintiff doesn't have an issue with a Doe Defendant in a single case filing

motions (non-mass John Doe), why should he have an issue with a John Doe filing a motion in a mass John Doe case in which he is listed on?

10. Response to paragraph 11 of Plaintiff's supporting declaration. Plaintiff complains that some of the motions filed in other copyright infringement cases (*citing Maverick Entertainment Group, Inc. v. Doe*) were unauthorized copies of motions from other cases. Plaintiff forgets that once the court documents are filed and in Public Access to Court Electronic Records (PACER) system, they are public records in the public domain. The fact that "Pro See" defendants uses these motions in their defense and failed to adequately tailored them to their specific situation is unfortunate, but not unauthorized. It should also be noted by the court that if Plaintiff is allowed to file mass John Doe cases (one compliant), Doe Defendants should not be criticized for using cut and paste motions multiple times.

11. Response to paragraph 12 of Plaintiff's supporting declaration. Plaintiff goes on to further complain that these motions by Doe Defendants cost them financially and cites the law firm of Fletcher and, Heald & Hildreth, PLC. As previously stated, this point is moot, as each Doe Defendant has the right to defend himself regardless if it makes it hard or costly for Plaintiff.

12. Response to paragraph 13 of Plaintiff's supporting declaration. Plaintiff claims they will sue every Doe Defendant that files a motion to sever if necessary. Plaintiff makes this claim but has no historical data to back it up. The court should ask Plaintiff how many Doe Defendants have they sued and actually gone to trial against since they started going after alleged copyright infringers. Plaintiff stated they usually get 35-55% of the Doe

Defendants settling early (paragraph 21). I doubt Plaintiff can even show they have gone to trial on 10% of the Doe Defendant they initially file against. Plaintiff may point out a limited number of default judgments against Doe Defendants have been granted. These are significantly small in number when compared to the number of Doe Defendants (I'm one of them) that have been dismissed by various copyright infringement lawyers after never giving in to the settlement efforts coupled with repeated threats by Plaintiffs to name them in a Federal court case.

13. Response to paragraph 15 of Plaintiff's supporting declaration. Plaintiff claims that through their investigator, they are aware their movies are being downloaded through BitTorrent well over 100,000 times a month. The court should ask Plaintiff how long they have known of this activity has been going on and what actions have they taken to prevent future illegal downloading/sharing of their movies besides continue to file these mass copyright infringement cases. If Plaintiff was truly concerned with protecting their product, they would be requesting the Internet Service Providers (ISP) notify the identified IP users of the alleged activity and tell them to cease the activity. Plaintiff can still files cases against Doe Defendants if they chose to and it allows the ISP to punish users who are repeat offenders. The current lack of protective action Plaintiff takes to prevent future illegal downloading/sharing of it products suggests they want this activity to continue so they can continue to collect IP addresses and file these types of cases. There is no doubt that these types of cases are a financial benefit to Plaintiff. Plaintiff states in paragraph 21., that 35-55% of the Doe Defendants settle early in these cases. If Plaintiff obtains $2,500.00 per settling Defendants, this case has the potential to generate approximately $50,000.00 - $77,000.00 for this case alone. For settlement amounts of

$3,000.00 the range is approximately $60,000.00 - $93,000.00. As Plaintiff has stated they have similar litigations efforts across the country, the amount they expect to generate is substantial. The fact Plaintiff may choose to raise settlement amounts for Doe Defendants who file motions should not be a concern of the court, except that it shows the true motive of Plaintiff – revenue generation.

14. Response to paragraph 16 of Plaintiff's supporting declaration. Plaintiff admits they tailor who they seek settlements from, stating essentially they go after personnel who have money (not destitute) and who are not political figures, public figures, or members of law enforcement organizations. The court should ask Plaintiff why they will not sue political figures, public figures, or members of law enforcement. What makes these people different than the rest of us? Plaintiff will not go after these types of Defendants because of the negative publicity they are likely to face. Any negative publicity places their highly lucrative settlement operations at risk. This tailoring of those worthy of paying settlements amounts to Plaintiff shows they are using the court to further their money making efforts.

15. Response to paragraph 23 of Plaintiff's supporting declaration. Plaintiff states if they are made to file individual cases on each Doe Defendant, they will increase settlement demands and this will decrease their profits. In no place should the court temper its judgment because Plaintiff will not make a profit on their effort. The courts correctly assess Plaintiff's actions were highly suspect and with this statement the court can see their main concern is generating profits through these cases.

16. Response to paragraph 24 of Plaintiff's supporting declaration. Plaintiff states they need to know an IP address resolves to a "solvent" individual before they expend time and money on the effort. Again Plaintiff shows that they are only concerned with making a profit and targeting the Doe Defendants who can afford to settle. Plaintiff seems to be saying they will not actually take a Doe Defendant to trial if they cannot asses their asset value prior to any investigation. With this reasoning, it appears that a 20-year old person with no assets or other material worth could repeatedly download/share Plaintiff's movie without fear of actually being taken to trial by Plaintiff.

17. Response to paragraph 25 of Plaintiff's supporting declaration. The fact that Plaintiff will show the court copyright protected movies and music files on Torrent Web sites is not relevant to this case. Plaintiff has already stated to the court that copyright infringement occurs and they are losing revenue because of it. I'm sure the court agrees with Plaintiff, but such a display to the court is pointless and a waste of time.

18. Response to paragraph 26 of Plaintiff's supporting declaration. The fact that the same Hash Value was seen by Plaintiff's investigator for all the Doe Defendants does not address the fact that the first file sharer Plaintiff identified may have left the BitTorrent swarm and did not participated with a majority of the other swarm members. Plaintiff does not address the fact that swarm members could have obtained parts of the file from other swarm members in other States or other locations around the world. Due to the nature of BitTorrent, it is possible Doe Defendants in this case did not directly share the file in question among the other Doe Defendants. Plaintiff only ties these Doe Defendants together because of their physical location and does not address the specific details of each Doe Defendant's alleged activity. If the court is going to correctly grant

Plaintiff a subpoena for the subscriber information of the Doe Defendants, the court should be sure the joinder in proper.

## CONCLUSION

The court has properly assessed the actions of Plaintiff as being worthy of sanctions in accordance with Rule 11(b). I hope the sanctions the court imposes are enough to send a message to Plaintiff and other copyright infringement lawyers that frivolous cases used to conduct shake-down operations against Doe Defendants will not be tolerated.

Dated: 10/19/2011

Respectfully submitted,

*John Doe*
John Doe, AKA: *DieTrollDie*
Blog: http://dietrolldie.wordpress.com/
Doerayme2011@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on 10/19/2011, I served a copy of the foregoing document, via US Mail, on:

> D. Wayne O'Bryan, Esq.
> O'Bryan Law Firm
> 1804 Staples Mill Road
> Richmond VA 23230

Dated: 9/19/2011                              Respectfully submitted,

*[signature: John Doe]*

John Doe, AKA: *DieTrollDie*
Blog: http://dietrolldie.wordpress.com/
Doerayme2011@hotmail.com